Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jerry James Couchman Jr., <br><br> Plaintiff, <br><br> v. <br><br> Palms of La Mesa Apartments LLC, <br><br> Defendant. | Case No.  **'22CV0873 TWR WVG** <br><br> **COMPLAINT** |

Plaintiff Jerry James Couchman Jr. ("Plaintiff") alleges:

## INTRODUCTION

1. Plaintiff brings this action against Palms of La Mesa Apartments LLC ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability/handicap and denying Plaintiff equal access to the facilities located at the commonly known address 7487 Mohawk Street La Mesa, CA 91942 ("Facility"), including the common areas, Defendant's office at the address, and Plaintiff's leased unit.

## PARTIES

2. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled and handicap.

3. Defendant owns, manages, and/or operates the Facility.

## THE FACILITY

4. The Facility is an apartment complex, known as Palms of La Mesa, which consists of real property that includes buildings, structures, or portions there of that are or are intended for occupancy as a residence by one or more families, including Plaintiff's unit, in addition to common areas, such as on-site laundry, and the Defendant's leasing office that is open to the public.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4).

6. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the property is within this judicial district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff is a veteran who suffers from a disability, and/or medical conditions that is a disability.

9. Plaintiff suffers from, among other things, an injured back and knees, which have active and on-going symptoms that impact his mobility and ability to reach things on the ground, such things that he may drop. Plaintiff also suffers from severe depression that materially impacts his ability to sleep.

10. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

11. Plaintiff utilizes a service dog to help address the challenges resulting from his disabilities, which Plaintiff deals with on a daily basis.

12. Plaintiff's service dog is specifically trained in tasks to assist Plaintiff and

ameliorate the symptoms of his disability, including, but not limited to, picking up items that Plaintiff drops, such as laundry, and alerting and calming Plaintiff when Plaintiff is suffering from a nightmare or night terror.

13. When Plaintiff and his service dog are outside of their home, Plaintiff's service dog remains under Plaintiff's positive control at all times.

14. When Plaintiff moved into Palms of La Mesa in January 2022, he informed the apartment management of his service dog. Defendant did not inform Plaintiff of any special considerations regarding his service dog.

15. On or about April 5, 2022, an employee of Defendant or Defendant's agent-property-manager, angrily and aggressively threatened to call the Humane Society and have them take Plaintiff's service dog in addition to threatening to give Plaintiff a 3-day notice to vacate because of his service dog.

16. On May 20, 2022, Defendant served Plaintiff with a Three Day Notice to Perform Conditions and/or Covenants or Quit, threatening Plaintiff with eviction because of his service dog. Defendant demanded that Plaintiff take steps with regard to his service dog that would reduce, if not eliminate, his service dog's ability to assist Plaintiff with his disability, particularly whenever Plaintiff would be in the common areas of the Facility or Defendant's office.

17. On June 13, 2022, Defendant served Plaintiff with a Sixty Day Notice of Termination of Tenancy. The notice directly references the presence of Plaintiff's service animal and makes materially false and misleading claims regarding his service animal as pretext for the eviction. The notice threatens specific legal action against Plaintiff.

18. Plaintiff would like to continue to live at the Facility.

19. Plaintiff has been injured as result of Defendants conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

//

//

# FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

20. Plaintiff incorporates all prior paragraphs as if fully stated herein.

21. Title III of the ADA bans disability discrimination against an individual in places of public accommodation. The ADA states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

22. The Facility, including the apartment complex, Defendant's office, and the common-area, or a subset thereof, is a public accommodation.

23. The Facility, including the apartment complex, Defendant's office, and the common-area, or a subset thereof, affect(s) interstate commerce.

24. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

25. Defendant has a policy that restricts and denies access to persons like Plaintiff.

26. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to their facilities.

27. Indeed, Defendant has threatened and began steps to evict Plaintiff because of his disability.

28. As a result of Defendant's conduct, denying Plaintiff equal access to the Facility, Plaintiff continues to suffer denial of access and faces unpleasant and discriminatory treatment.

29. It is readily achievable for Defendant to provide Plaintiff and other disabled

people like Plaintiff full and equal access to the facilities.

30. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

31. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.

32. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III, who is in the process of being evicted by Defendant, and has reasonable grounds for believing he will continue to be subjected to such discrimination.

33. Defendant's acts have proximately caused and will cause irreparable injury to Plaintiff if not enjoined by this Court.

34. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access

Civ. Code §§ 54 *et seq*.

35. Plaintiff incorporates all prior paragraphs as if fully stated herein.

36. The Facility, including the apartment complex, Defendant's office, and the common-area, or a subset thereof, is an accommodation, public accommodation, or other place to which the general public is invited.

37. Defendants denied and interfered with Plaintiff's ability to equally access the Facility, including the apartment complex, Defendant's office, and the common-area, or a subset thereof.

38. Plaintiff wishes to fully utilize the Facility, including the apartment

complex, Defendant's office, and the common-area, or a subset thereof but is presently being denied access and faces significant policy barriers that will foreseeably cause Plaintiff further difficulty, discomfort, and embarrassment. Plaintiff is unable, so long as such acts and omissions of Defendants continues, to achieve equal access to and use of the Facilities.

39.     As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant, Plaintiff has suffered a violation of Plaintiff civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries.

40.     Defendant's actions and omissions constitute discrimination against Plaintiff.

41.     Plaintiff has been damaged by Defendant's wrongful conduct.

42.     At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of the facilities were, are, and will be disabled persons, and would have need of facilities that complied with California Title 24 and ADA Standards for Accessible Design standards for accessible facilities.

43.     Despite this knowledge, Defendant installed and maintained the policy barriers complained of, have failed to remove these unlawful policies, and have failed to provide and maintain properly accessible facilities as required by law.

44.     Plaintiff believes Defendant has ignored complaints about the lack of proper disabled access by other disabled persons.

45.     Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to use the facilities and encounter illegal policy barriers which deny them full and equal access when they do so.

46.     At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that their practices at the facilities violated

disabled access requirements and standards, and would have a discriminatory effect against Plaintiff and upon other disabled persons, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

47. Defendant's behavior was intentional.

48. Plaintiff believes Defendant was aware and/or were made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint.

49. Defendant's establishment of its discriminatory policy denying access to disabled persons to safely have full and equal access to the facilities, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights.

50. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled from full and equal access to these facilities. Such acts and omissions are the cause of mental and emotional suffering for Plaintiff.

51. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons.

52. Plaintiff seeks recovery of all reasonable attorney fees, litigation expenses, and costs.

53. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

54. Plaintiff's suffered damages as described are a result of Defendant's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about

accessing the common area and amenities of the Facility and is presently facing potential eviction by Defendant because of his disability. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3, including treble damages.

### THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

55. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

56. The Facility, including the apartment complex, Defendant's office, and the common-area, or a subset thereof, is a business establishment.

57. Defendants intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Facility, including the apartment complex, Defendant's office, and the common-area, or a subset thereof.

58. Defendants' acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

59. Plaintiff was harmed.

60. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

61. Alternatively, the Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f), so Defendant has violated the Unruh Act by violating the ADA.

62. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof, and Plaintiff seeks the same.

63. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## FOURTH CAUSE OF ACTION

Violations of the California Fair Employment and Housing Act

Cal. Gov. Code §§ 12900 *et seq.*

64. Plaintiff incorporates paragraphs as if fully stated herein.

65. The Facility, or a portion thereof, was a housing accommodation.

66. Defendant leases and has leased buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

67. It is unlawful for Defendants to discriminate against Plaintiff because of Plaintiff's disability.

68. Defendants intentionally discriminated against Plaintiff based on Plaintiff's disability by denying Plaintiff full and equal access.

69. Alternatively, Defendant's policy of denying persons with service animals full and equal access had a discriminatory effect against people with disabilities, such as Plaintiff.

70. Moreover, Defendant's actions constitute harassment.

71. Defendant has refused to provide a reasonable accommodation to Plaintiff as requested.

72. Plaintiff has been injured as result of Defendant's conduct, including, but not limited to, emotional distress, difficulty, and embarrassment.

73. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

//
//
//

## FIFTH CAUSE OF ACTION

Violations of the Fair Housing Act

42 U.S.C. §§ 3601 *et seq.*

74. Plaintiff incorporates paragraphs as if fully stated herein.

75. The Facility, or a portion thereof, was a dwelling.

76. Plaintiff's service dog was an assistance animal.

77. Plaintiff is handicapped.

78. Defendant leases and has leased buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

79. Defendant discriminated against Plaintiff in the terms, conditions, and/or privileges in the rental of the dwelling because of Plaintiff's handicap, including refusing to make reasonable accommodation in rules, policies, practices, and/or services when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling.

80. Moreover, Defendant's actions constitute harassment.

81. Lastly, Defendant has refused to engage in an interactive process to discuss Plaintiff's disability-related need for accommodation and possible alternative accommodations.

82. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages in an amount to be proven at trial, in no

event less than $4,000, or the applicable minimum statutory damages, whichever is greater;

3. Punitive damages;

4. Attorney's fees pursuant to 42 U.S.C. §§ 3613, 12205, Civil Code sections §§ 52, 54 12983, Code of Civil Procedure section 1021.5 and/or other statute;

5. Expenses;

6. Costs of suit; and

7. Other relief that the court deems appropriate.

Dated: June 15, 2022                               Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorney for Plaintiff